JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:12-cv-03016-JHN-SHx                              Date:  April 19, 2012
Title:       U.S. Bank Nat'l Assoc. v. Sonja Jefferson et al.

Present:  The Honorable JACQUELINE H. NGUYEN

|  Chris Silva  |  Not Reported  |  N/A  |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:
            Not Present                                         Not Present

**Proceedings:** ORDER GRANTING EX PARTE APPLICATION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT (In Chambers)

The matter before the Court is Plaintiff U.S. Bank National Association's ("Plaintiff") Ex Parte Application to Remand ("Application").  (Docket no. 3.)  Defendants removed this matter to federal court on April 6, 2012.  (Docket no. 1.)  Having considered the Notice of Removal and Plaintiff's Application, the Court finds that federal jurisdiction is lacking.  Therefore, the Court **GRANTS** the Application and **REMANDS** the case to Los Angeles County Superior Court.

I.   **Discussion**

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  28 U.S.C. § 1441(a).  However, the Court may remand a case to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.  *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   2:12-cv-03016-JHN-SHx | Date:  April 19, 2012 |
| Title:      U.S. Bank Nat'l Assoc. v. Sonja Jefferson et al. | |

the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).  Pursuant to 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, the First Amended Complaint's ("FAC") sole cause of action is for unlawful detainer, a state law claim.  No federal question is presented on the face of the FAC.  Further, it appears that no diversity jurisdiction exists, as the demand is expressly limited to less than $10,000.  (FAC 1, [Notice of Removal Ex. A].)

## II.     Conclusion

Defendant has failed to meet her burden of establishing federal jurisdiction.  **Accordingly, the Court REMANDS this case to Los Angeles County Superior Court**.  The Court notes that this is Defendant's second attempt to remove this action to federal court, (Hollenbeck Decl. ¶¶ 10–12), and admonishes Defendant that further removal of the same unlawful detainer action may result in the imposition of monetary sanctions.

IT IS SO ORDERED.

\_\_\_: N/A
Initials of Preparer    CSI